## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBYN SMITH, nka Robyn Bennettt | ) | |
| and MARLENE E. SMITH, | ) | |
| **Plaintiffs,** | ) | |
| | ) | Case No. |
| **v.** | ) | |
| | ) | |
| PERFORMANT RECOVERY, INC., | ) | |
| AMERICAN EDUCATION SERVICES, | ) | |
| and NATIONAL COLLEGIATE TRUST | ) | |
| **Defendants.** | ) | |

**Verified Complaint Filed by the Debtor Arising out of Violation of the Fair Debt Collection and Practices Act provided for by Section 1692 of Title 15 of the United States Code, Violations of the Telephone Consumer Protection Act provided for by 47 USC §227, Violations of the Automatic Stay, provided for by Section 362 of Title 11 and Breach of Contract**

**NOW COME** the above-named Plaintiffs, individual consumers, by and through their attorney of record, and respectfully bring before the Court an action for actual and statutory damages against Defendants, Performant Recovery, Inc., hereinafter, ("Performant"), American Education Services, hereinafter ("AES") and National Collegiate Trust hereinafter ("NCT") violation of the Automatic Stay, 11 USC §362, as well as violation of 11 USC §1301 providing an injunction against collection of Co-Borrowers, violation of the Fair Debt Practices Act, and breach of contract.

## I.   JURISDICTION

1.   Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here. This contested case is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of bankruptcy case number 13-14225, and rights duly established under Title 11 of the United States Code and other applicable federal law.

2.   This Court has jurisdiction to enter a final and dispositive order in this matter.

3. This Court has both personal and subject matter jurisdiction to hear this contested case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 11 of the United States Code.

4. This Court has jurisdiction for the Fair Debt Collection Practice Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

5. Section 362(h) of title 11 of the United States Code provides individual debtors with a powerful tool to safeguard the benefits of the automatic stay and to discourage violations of the stay. In Resumpter, Bankruptcy N.D. Ill. 1994, 171BR835. The debtor further alleges that this provision provides that "an individual injured by a willful violation of a stay… shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. Section 362(h).

6. 11 USC §105 (A) of the United States Bankruptcy Code states that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. Congress provided a remedy for violation of the discharge injunction through a court's inherent contempt power. Bessette v. AVCO Financial Services, Inc., D.R.I.1999, 240 B.R. 147.

## II.  PARTIES

7. Plaintiff, Robyn Smith, now known as Robyn Bennettt, is a natural person residing in the City of Sycamore, County of DeKalb, and State of Illinois.

8. Plaintiff, Marlene E. Smith, is a natural person residing in the City of Marseilles, County of LaSalle, and the State of Illinois.

9. Performant is a California corporation authorized to do business in Illinois. Performant is engaged in the business of collecting delinquent and defaulted accounts in this State with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, California 94551. The principal purpose of Performant is the collection of delinquent and defaulted accounts.

10. AES is a national student loan lender located in City of Harrisburg and State of Pennsylvania. AES regularly attempts to collect consumer debts alleged to be due

2

to another. AES is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and as defined by the Illinois Collection Agency Act, 225 ILCS 425/2.

11.    NCT is a Delaware Business Trust engaged in the collection of debts from consumers, specifically student loan borrowers, using the mail. NCT regularly attempts to collect consumer debts alleged to be due to another. NCT is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and as defined by the Illinois Collection Agency Act, 225 ILCS 425/2.

12.    Defendants are engaged in the collection of debts from consumers using the mail. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and as defined by the Illinois Collection Agency Act, 225 ILCS 425/2.

### III.    ALLEGATIONS IN SUPPORT OF THE VIOLATIONS

13.    On or about May 26, 2006 and on multiple occasions thereafter, the Plaintiffs borrowed money from Charter One Bank for the purpose of paying tuition at Northern Illinois University. The loan was unsecured. Thereafter and upon information and belief, it was assigned to AES and, eventually, NCT.

14.    On or about April 5, 2013, the Plaintiff, Marlene E. Smith, availed herself of her rights under Chapter 13 of the United States Bankruptcy Code. Immediately thereafter, the automatic stay afforded debtors in Chapter 13 became effective against the collection of all debts owed by the Plaintiff, and Plaintiff's co-debtors, to Plaintiff's creditors.

15.    In the schedules filed with the bankruptcy petition in this case and on the master mailing matrix filed with the Clerk of the Court, an unsecured debt was listed in favor of AES for various student loans in the amount of $152,380.00. *See Exhibit A.*

16.    The United States Bankruptcy Court caused a written notice of filing of the automatic stay and of the 341 meeting of creditors to be mailed to all parties on the master mailing matrix by first class mail on April 8, 2013, and that such notice was in fact received by Defendants. *See Exhibit B.*

17.    Numerous documents have been served on the Defendants and received by the Defendants, including, but not limited to the Notice of Filing and the Notice of the Meeting of Creditors. All of these documents were served on Defendants by the

3

National Bankruptcy Noticing Center and/or through the PACER program for CM/ECF services.

18. The notice mailed by the Trustee included the following warning to all creditors: "**CREDITORS MAY NOT TAKE CERTAIN ACTIONS**: The filing of the bankruptcy case automatically **stays** certain collection and other actions against the debtor, debtor's property, and certain co-debtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be **penalized**." *See Exhibit B.*

19. On May 31, 2013, the Bankruptcy Court confirmed Marlene Smith's Chapter 13 Plan. *See Exhibit C.*

20. To the date of this complaint none of the Defendants named above has appeared in the bankruptcy case nor have they asked for relief from the automatic stay.

21. On June 7, 2013, AES acknowledged that they were aware of the Bankruptcy and would no longer communicate with Marlene Smith directly.

22. Plaintiff avers that the actions described below were taken after Defendants had notice of the bankruptcy filing, of the automatic stay, and of the Order for Relief duly entered by this Court.

23. AES and Performant took the following actions in violation of the automatic stay:

   a. On July 12, 2013, AES wrote Robyn Smith informing her that her account was in default and that the full remaining balance of $126,593.75 was now due and payable; *See Exhibit D.*
   b. At various times beginning in June 2013, Plaintiff received numerous collection calls to her cellular phone from Nationwide Credit, Inc. using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii); and
   c. Reported negative and false information to the credit bureaus.

24. The acts and or omissions of Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

4

25.     The alleged debt of Plaintiffs was incurred for personal, family, or household services, i.e. a home mortgage.

26.     The Plaintiff Robyn Bennett has suffered extreme emotional damages due to the actions of the Defendants and has been required to seek medical and professional help to overcome this emotional damage.

## IV.     CLAIM FOR RELIEF – TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. Section 227 et seq.

27.     Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

28.     As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Performant, at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

29.     Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

30.     NCT willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

31.     Plaintiff is entitled to injunctive relief prohibiting NCT from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## V.     CLAIM FOR RELIEF – FDCPA

32.     Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

33.     Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:
  
  *a.* Communicating with Plaintiff with knowledge that Plaintiff was represented by counsel, or, in the alternative, communicating with Plaintiff when Defendant could have readily ascertained the identity and address of the undersigned counsel; § 1692(c)(b), and

5

      b.  Alleging that the discharged debt was due in full when Performant and AES. knew or should have know the Plaintiff was in an ongoing Chapter 13. § 1692a, (e)(6) & (e)(10)

      c.  Informing Robyn Smith that the full balance of her loan was due and owing.

34.    As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

## VI.    CLAIM FOR RELIEF - VIOLATION OF AUTOMATIC STAY

35. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

36. Defendants are liable to the Plaintiffs for violation of the discharge injunction pursuant to 11 USC 524(a)(2) for the following actions:

      a.  Collection letters to the debtor's residence;
      b.  Reporting negative information to the credit bureaus; and
      c.  Phone calls to debtor's cellular phone.

## VII.    CLAIM FOR RELIEF – BREACH OF CONTRACT

37.    Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

38.    Plaintiffs had credit agreements with Charter One Bank. The agreements, upon information and belief, were assigned to AES and, eventually, NCT.

39.    Pursuant to the agreements, Charter One Bank would lend money to Robyn Smith for the purpose of paying tuition at Northern Illinois University and Robyn Smith would re-pay the loans after a deferral period.

40.    When the deferral period ended, Robyn Smith commenced making timely and regular payments on the loans.

41.    When Marlene Smith filed for bankruptcy, AES and/or NCT stopped taking Robyn Smith's payments despite the language in Marlene Smith's confirmed Chapter 13 plan.

42. Pursuant to Plaintiff Marlene Smith's Chapter 13 plan, Marlene Smith's co-debtor, Robyn Smith, would continue to pay the loan payments.

43. Robyn Smith attempted to make payments online as she had been doing. When unable to make payments online, Robyn Smith called AES and/or NCT. AES and/or NCT refused to accept Robyn Smith's payments.

44. Shortly thereafter, AES and/or NCT reported the status of the loans online as "defaulted."

45. Moreover, the interest rate on the loans went from a fixed rate of 5.5% to a variable interest rate.

46. Robyn Smith is ready, willing, and able to make payments on the loans pursuant to the agreements.

47. AES and/or NCT, however, refuses to accept payments pursuant to the loans, which is a breach of the terms of the agreement.

48. As a result, Robyn Smith has been damaged in the amount of additional debt by way of interest that has been added to the loans balances, attorneys fees and costs, and damage to her credit.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against Defendant Performant, AES and National Collegiate Trust for the following:

A. That this Court impose sanctions against the Defendants, Performant, AES and National Collegiate Trust, Inc. for violating Section §362 and §1301 of Title 11 of the United States Code by ordering the Defendants to pay monetary damages to the Plaintiff in excess of the sum of $5,000.00;

B. That this Court order the Defendants named herein to pay all legal fees and expenses incurred by counsel for the Plaintiff, said fees to be calculated at the rate of $350.00 per hour, but in no event to be less than $3,500.00;

C. That, in the alternative, this Court hold the Defendants in civil contempt for violating the Order for Relief duly entered in the Plaintiff's Bankruptcy case and impose damages including but not limited to actual damages, punitive damages, court costs and legal fees, all in the discretion of the Court; and

D. That this Court order the Defendants to pay additional actual damages, in an amount to be proven at trial and statutory damages of $1,000.00 to Plaintiff for violating the FDCPA pursuant to 15 U.S.C. Section 1692k in the form of additional punitive damages;

7

including but not limited to actual damages, punitive damages, court costs and legal fees, all in the discretion of the Court; and

D. That this Court order the Defendants to pay additional actual damages, in an amount to be proven at trial and statutory damages of $1,000.00 to Plaintiff for violating the FDCPA pursuant to 15 U.S.C. Section 1692k in the form of additional punitive damages;

E. That this Court enter an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendants Performant, AES and National Collegiate Trust and for Plaintiff;

F. That this Court enter an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendants Performant, AES and National Collegiate Trust and for Plaintiff;

G. That this Court enter an injunction prohibiting Defendants Nationwide Credit, Inc. from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

H. That this Court order the Defendants to pay compensatory damages in an amount to be proven at trial.

I. Any other or further relief this court deems just.

## **JURY DEMAND**

Please take notice that Plaintiffs demand trial by jury in this action.

Respectfully submitted,

6270743
Thomas W. Toolis
Attorney for Plaintiff
Jahnke Sullivan & Toolis, LLC
10075 W. Lincoln Highway
Frankfort, IL 60423
(708) 349-9333

8

## VERIFICATION

The undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be upon information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

Robyn Bennett

Signed and Sworn to before me this
17 day of January, 2014.

Notary Public

"OFFICIAL SEAL"
THOMAS W TOOLIS
Notary Public, State of Illinois
My Commission Expires 07/31/16

**Prepared by:**
Anna Stanley Kahriman (ARDC # 6287467)
JAHNKE, SULLIVAN & TOOLIS LLC
Attorneys for Plaintiff
9031 West 151st Street, Suite 203
Orland Park, Illinois 60462
(708) 349-9333